■ In the Matter of the Arbitration between the STATE OF NEW YORK, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered April 18, 1977 in Albany County, which dismissed the petition to vacate an arbitrator's award and granted respondent's cross motion to confirm the award. From the record it appears that one of the issues necessary to a proper resolution of the controversy by the arbitrator was never submitted to him, that is, the issue of a proper remedy (§ 28.2) if he found that section 28.1 of the collective bargaining agreement had been violated. The parties hereto have caused unnecessary litigation by agreeing to a stipulated question which did not resolve the issue. Judgment reversed, on the law and the facts, without costs; petition granted, award vacated and matter remitted to the arbitrator for further proceedings, including consideration of sections 28.1 and 28.2 of the agreement. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.

■ In the Matter of JULIE HH, a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHY II, Appellant.—Appeal from orders of the Family Court of St. Lawrence County, entered May 31, 1977 and June 17, 1977. Following a hearing, the Family Court held that the preponderance of the credible evidence before it established that the infant Julie HH was a neglected child and that the evidence warranted the granting of the custody of said infant to the Commissioner of the St. Lawrence County Department of Social Services for a period of one year. The record amply supports the determination of the trial court. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.